

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS      AUSTIN 11, TEXAS
JOHN BEN SHEPPERD
ATTORNEY GENERAL

Honorable R. V. Rayford
County Auditor
Rusk County
Henderson, Texas

Dear Sir:

Opinion No. O-7537

Re: Proper fund to be credited
when ex-County Superintendent
repays amounts overdrawn
on salary; and whether
annual allowance for office
and travel expense is
apportionable by the month.

We quote from your recent letter to this department:

"The State Department of Education approved
budget appropriations of $3,800.00 salary for County
Superintendent for the year September 1, 1945 to
August 31, 1946 and a budget appropriation of $800.00
for office & travel expense for the County Superintendent
for the same period.

"The County Superintendent drew and received the
following sums from September 1, 1945 to and including
December 21, 1945 the date his resignation was accepted
by the Commissioners' Court and a successor appointed:

| | | |
|---|---:|---:|
| "Net Salary Checks | $2,616.10 | |
| Withholding Tax on Salary | 156.80 | |
| Teachers Retirement on Salary | 63.40 | |
| Total on Salary | $2,836.30 | |
| Salary figures 112/365 of | | |
| $3,800.00 (9-1-45 to 12-21-45) | 1,166.03 | |
| Salary overdrawn for above period | | $1,670.27 |
| Net Checks on Office & Travel as | | |
| drawn by County Superintendent | $ 533.36 | |
| Office & Travel figures for above | | |
| period 112/365 of $800.00 | 245.48 | |
| Office & Travel Expense overdrawn | | 287.88 |
| Total Amount Due County Administration | | $1,958.15 |
| Fund | | |

"* * * *

"The Ex-County Superintendent has stated that he is willing to repay this sum as overdrawn but wants to be sure that it is paid over to the right fund or department. He also questions the method of arriving at the amount credited him for Office & Travel Expenses. Stating that the $800.00 approved for Office & Travel could all be used up in a few months and then after the $800.00 approved for this purpose is gone, within one month or within any period during the school year, that he is entitled to this expense regardless of the time it was consumed, just so long as it was used within the school year approved.

"We rely on the fact that the then Superintendent figured his Office and Travel Expenses at the rate of $66.67 per month and was drawing that sum to start with and continued this sum of $66.67 on separate vouchers but drew 8 such vouchers at $6667 instead of 3 and a fraction of this sum for September, October, November and part of December of 1945 and also because the Office and Travel Expense occurs each month and not all within one month or within a certain limited time. It would also work out as in this case if the entire $800.00 was used up in 4 months, no funds would be available for such operations by the successor of a resigned County Superintendent.

"Our question is have we figured this in the correct manner by using the number of days he actually served for both salary and the office and travel expense?

"Second question, Is the refund of the amounts overdrawn to be returned to the County Administration Fund and to be used to reduce the assessments against the school districts in preparing the next budget for this office or does it go to some other fund or State Department of Education?"

We submit that the proper way to compute the amount of salary overdrawn is as follows:

| | |
|---|---|
| Amount drawn on salary | $2,616.10 |
| Amount earned during period Sept. 1, 1945, to Dec. 21, 1945 ($3800 per annum less withholding tax and teacher's retirememt) | 962.07 |
| Amount overdrawn on salary | $1,654.03 |
| Plus unearned portion of withholding tax paid for December | 12.65 |
| Plus unearned portion of Teacher's Retirement fund payment for December | 5.11 |
| Total amount to be repaid county | $1,671.79 |

The unearned portion of the payments made in December on withholding tax and teacher's retirement should be refunded to the county. For the period September 1, 1945, to December 21, 1945, the withholding tax and teacher's retirement fund payments were actually earned, and should not be calculated. All salary checks drawn by the ex-county superintendent had these two payments deducted therefrom, as reflected by your exhibit "A".

Thus, the amounts actually drawn less the salary actually earned during the period plus the unearned portions of the withholding tax and teacher's retirement fund payments for December, gives the amount which should be repaid to the county.

In regard to office and travel expense, Article 2700, V.A.C.S., provides:

"... the County Board of Education may make further provisions as it deems necessary for office and traveling expenses of the County Superintendent; provided that expenditures of the County Superintendent shall not be more than Eight Hundred Dollars ($800) per annum.)..."

It is, in our opinion, not mandatory upon the County Board of Education to provide for the expenditure of the entire sum of $800.00 for office and traveling expenses. It is merely incumbent upon said Board to make such provisions as they may deem necessary, provided the sum expended for such purposes shall not exceed $800.00.

The statute does not purport to make an annual award in the flat sum of $800.00 per annum for said purposes, but places a ceiling on such expenditures. It does not follow that the intention of the statute is to pay out the entire sum of $800.00 in twelve equal installments. The law intends that the county superintendent should be reimbursed for office and travel expenses actually and necessarily incurred, and the expenses for one month may be greater than for other months.

In other words, the county superintendent is entitled to be reimbursed for all authorized expenses incurred, provided said expenses do not exceed the statutory ceiling of $800.00.

In view of Articles 2700; 2700d-1, Section 1; and 2827a, Section 1, V.A.C.S., you have correctly concluded that the County Administration Expense Fund is the proper fund to which the amounts overdrawn are to be repaid.

Considering the provisions of these statutes, we are at a loss to understand how the County Superintendent was able to

Hon. R. V. Rayford - Page 4,  (O-7537)


draw ten separate monthly salary checks in less than four months.

                         Very truly yours

                    ATTORNEY GENERAL OF TEXAS

                    /s/ William B. Henley, Jr.

                    By
                        William B. Henley, Jr.
                        Assistant

APPROVED DEC. 21, 1948

/s/ Harris Toler                        APPROVED
                                        OPINION
FIRST ASSISTANT                         COMMITTEE
ATTORNEY GENERAL
                                        By  B.W.B.
WBH:djm:elb                                Chairman